**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICKEY LEWIS MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE COUNTY SHERIFF DEPARTMENT et al.,<br><br>Defendants. | Case No. 5:20-cv-01181-GW (MAA)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND** |

I.  **INTRODUCTION**

On June 10, 2020, Plaintiff Rickey Lewis McDonald ("Plaintiff"), a pretrial detainee proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.)  The Court granted Plaintiff's Request to Proceed *In Forma Pauperis* (ECF No. 2) on June 11, 2020 (ECF No. 4).

On June 11, 2020, the Court screened and dismissed the Complaint with leave to amend ("Order Dismissing Complaint").  (Order Dismiss. Compl., ECF No. 5.) On June 19, 2020, Plaintiff filed a First Amended Complaint ("FAC," ECF No. 7), which the Court screened and dismissed with leave to amend on July 27, 2020

("Order Dismissing FAC," ECF No. 9). On August 10, 2020, Plaintiff filed a Second Amended Complaint ("SAC," ECF No. 10), which the Court screened and dismissed with leave to amend on August 26, 2020 ("Order Dismissing SAC," ECF No. 11). On October 14, 2020, Plaintiff filed a Third Amended Complaint ("TAC"). (TAC, ECF No. 13.)

The Court has screened the TAC as prescribed by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons stated below, the TAC is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff is **ORDERED** to, within thirty days after the date of this Order, either: (1) file a Fourth Amended Complaint ("4AC"); or (2) advise the Court that Plaintiff does not intend to pursue this lawsuit further and will not file a 4AC.

## II. SUMMARY OF ALLEGATIONS IN TAC[1]

The TAC is filed against two employees of Riverside County Sheriff's Department (Deputy Hinson and Deputy Maldenado), in both their individual and official capacities. (TAC 3.)[2]

The TAC states that Plaintiff is a pretrial detainee, and that Defendants violated Plaintiff's Fourteenth Amendment rights by "staging" an assault by three inmates on Plaintiff on June 13, 2019. (*Id*. at 5–6.) Specifically, Defendant Hinson intentionally targeted Plaintiff to be assaulted by three inmates by openly identifying Plaintiff "to a disgruntled inmate population"—actions he should have known would cause constitutional injury. (*Id*. at 5.) After Defendant Hinson's announcement, Defendant Hinson "ma[de] a visit to the participating inmate[']s housing cell, to corroborate and further implement his idea for the ensuing assault." (*Id*.) Defendant

---

[1] The Court summarizes the allegations and claims in the TAC. In doing so, the Court does not opine on the veracity or merit of Plaintiff's allegations and claims, nor does the Court make any findings of fact.

[2] Citations to pages in docketed documents reference those generated by CM/ECF.

Hinson's actions were "well known as targeting." (*Id.*) After Defendant Hinson's visit, he released the inmates to execute the staged assault. (*Id.*) Plaintiff "was approached and punched repeatedly, from inside [his] cell and up and down the tier for all to witness." (*Id.*)

"After some time, Defendant Hinson announced rather leisurely, 'OK, lock it down.'" (*Id.* at 5–6.) Both Defendants failed to "alert for assistance, which is the most typical and adequate response." (*Id.* at 6.) Deputy Maldenado has a legal duty to intervene, which he failed to do in conspiring with Defendant Hinson. (*Id.* at 5.)

As a result, Plaintiff suffers from "perpetual headaches" and a broken and improperly-healed left pinky finger. (*Id.* at 7.) For the foregoing violations, the TAC seeks $200,000 in damages ($100,000 from each Defendant). (*Id.*)

### III. STANDARD OF REVIEW

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (28 U.S.C. § 1915A), or in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § Section 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)). To survive a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although "detailed factual allegations" are not required, "an unadorned, the-defendant-unlawfully-harmed-me accusation"; "labels and conclusions"; "naked assertion[s] devoid of further factual enhancement"; and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to defeat a motion to dismiss. *Id.* (quotations omitted). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

In reviewing a Rule 12(b)(6) motion to dismiss, courts will accept factual allegations as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm*, 680 F.3d at 1121. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). However, the liberal pleading standard "applies only to a plaintiff's factual allegations." *Neitzke v. Williams,* 490 U.S. 319, 330 n.9 (1989), *superseded by statute on other grounds*, 28 U.S.C. § 1915. Courts will not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003). In giving liberal interpretations to complaints, courts "may not supply essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imps. (U.S.),*

*Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

## IV. DISCUSSION

### A. Section 1983

Section 1983 provides a cause of action against "every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alteration in original) (quoting 42 U.S.C. § 1983). The purpose of Section 1983 is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Id.* To state a claim under Section 1983, a plaintiff must allege: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Individual Capacity Claims

Pretrial detainees have a Fourteenth Amendment due process right to be free from violence from other inmates. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016) (en banc). Pretrial detainees' Fourteenth Amendment failure-to-protect claims are evaluated under an objective deliberate indifference standard. *Id.* at 1070. The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claims against an individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to

|   |   |
|---|---|
| 1 | abate that risk, even though a reasonable officer in the circumstances |
| 2 | would have appreciated the high degree of risk involved—making the |
| 3 | consequences of the defendant's conduct obvious; and (4) By not |
| 4 | taking such measures, the defendant caused the plaintiff's injuries. |

*Id*. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). "The 'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (quoting *Castro*, 833 F.3d at 1071); *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."). Thus, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

Here, the TAC alleges that Defendants "staged" an assault by three inmates on Plaintiff on June 13, 2019. (TAC 5–6.) Specifically, the TAC alleges that Defendant Hinson "openly identified" Plaintiff to a "disgruntled inmate population," visited the participating inmates' housing cell to corroborate and further implement his idea for assault, released the inmates to assault Plaintiff, failed to alert for assistance, and eventually announced leisurely "OK, lock it down." (*Id*.) These allegations potentially state a Fourteenth Amendment failure-to-protect claim against Defendant Hinson. Nonetheless, in any amended complaint, Plaintiff should provide additional details regarding Defendant Hinson's actions, including how and in what manner Defendant Hinson "openly identified" Plaintiff; the substance of Defendant Hinson's announcement to the inmates; if Defendant Hinson was present for the entire inmate assault on Plaintiff and, if not, at what point he was present; and how long Defendant Hinson was present and failed to sound the alert for assistance.

With respect to Defendant Maldenado, the TAC alleges that Defendant Maldenado failed to alert for assistance and failed to intervene by conspiring with Defendant Hinson. (TAC 5–6.) The TAC does not provide enough details about Defendant Maldenado to state a Fourteenth Amendment claim against him or her. In any amended complaint, Plaintiff should specify the time period Defendant Maldenado was present for the assault and failed to act; any factual allegations evidencing the existence of a conspiracy between Defendants; and any other factual allegations regarding Defendant Maldenado's actions or omissions that purportedly violated Plaintiff's rights.

For these reasons, the TAC potentially states a Fourteenth Amendment claim against Defendant Hinson in his individual capacity, but not Defendant Maldenado. The Court has ordered Plaintiff to provide additional factual allegations regarding his claims in three separate orders. (*See* Order Dismiss. Compl. 2–3; Order Dismiss. FAC 2–3; Order Dismiss. SAC 6–7.) If Plaintiff files an amended complaint, he must provide additional factual details to support his claims, or risk their dismissal.

### C. Official Capacity Claims

A suit against a defendant in his or her individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law . . . . Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citations omitted) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. The TAC alleges that Defendants are Riverside County Sheriff's Department deputies. (TAC at 3.) Thus, the official capacity claims against Defendants are treated as claims against Riverside County. *See Mendiola-Martinez*

///

*v. Arpaio*, 836 F.3d 1239, 1250 (9th Cir. 2016) (explaining that claims against county sheriff sued in his official capacity are treated as claims against the county).

"A municipality or other local government [including counties and their sheriff's departments] may be liable under [Section 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell*, 436 U.S. at 692). However, "a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). "A municipality cannot be held liable *solely* because it employs a tortfeasor—or in other words, a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 690–91; *accord Connick*, 563 U.S. at 60 ("[U]nder § 1983, local governments are responsible only for their *own* illegal acts. They are not vicariously liable under § 1983 for their employees' actions." (quotations and citations omitted)).

"In order to establish municipal liability, a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro*, 833 F.3d at 1073 (quoting *Monell*, 436 U.S. at 694). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. A rule or regulation "promulgated, adopted, or ratified by a local governmental entity's legislative body" constitutes a municipal policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), *overruled on other grounds by Bull v. City & County of San Francisco*, 595 F.3d 964 (9th Cir. 2010) (en banc). "A policy has been defined as 'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.

2010) (alteration in original) (quoting *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)). "[I]n addition to an official policy, a municipality may be sued for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the [governmental] body's official decisionmaking channels." *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996) (quotations omitted) (citing *Monell*, 436 U.S. at 690–91). However, liability for a custom will attach only if a plaintiff pleads that his or her injury resulted from a "permanent and well-settled" practice. *Thompson*, 885 F.2d at 1444. Allegations of random acts or isolated events are insufficient to establish a municipal custom. *Navarro*, 72 F.3d at 714.

Furthermore, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton*, 489 U.S. at 385. Municipal policy "'causes' an injury where it is the 'moving force' behind the constitutional violation, or where 'the [municipality] itself is the wrongdoer.'" *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994) (citations omitted). The municipal policy "need only cause a constitutional violation; it need not be unconstitutional per se." *Jackson v. Gates*, 975 F.2d 648, 654 (9th Cir. 1992).

The TAC does not identify any Riverside County policy, regulation, or custom that purportedly caused Plaintiff's injuries. (*See generally* TAC.) Rather, the TAC alleges discrete acts by Defendants (*see id.*), and alleges that Defendants acted *contrary* to Riverside County custom and regulation (*id.* at 6). Thus, the TAC does not state any Section 1983 claims against Riverside County. *See Chew*, 27 F.3d at 1444 ("Under the *Monell* doctrine, [plaintiff] may recover from the city if his injury was inflicted pursuant to city policy, regulation, custom, or usage.").

For these reasons, Plaintiff's official capacity claims against Defendants fail. The Court previously advised Plaintiff of these deficiencies in three separate orders. (*See* Order Dismiss. Compl. 3; Order Dismiss. FAC 3; Order Dismiss. SAC 7–9.) If Plaintiff files an amended complaint with claims against Defendants in their

official capacities, he must correct these deficiencies or risk dismissal of such claims.

V.  **CONCLUSION**

For the reasons stated above, the Court **DISMISSES** the TAC **WITH LEAVE TO AMEND**. Plaintiff may have another opportunity to amend and cure the deficiencies given his *pro se* status. Plaintiff is **ORDERED** to, within thirty days after the date of this Order, either: (1) file a 4AC, or (2) advise the Court that Plaintiff does not intend to pursue this lawsuit further and will not file a 4AC.

The 4AC must cure the pleading defects discussed above and shall be complete in itself without reference to the TAC. *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims in the 4AC again. Plaintiff shall not include new Defendants or new allegations that are not reasonably related to the claims asserted in the TAC.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Rule 8, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff also is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court explicitly cautions Plaintiff that failure to timely file a 4AC, or timely advise the Court that Plaintiff does not intend to file a 4AC, will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Plaintiff is not required to file an amended complaint, especially since a complaint dismissed for failure to state a claim without leave to amend may count as a strike under 28 U.S.C. § 1915(g). Instead, Plaintiff may request voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a) using the attached Notice of Dismissal form. Plaintiff also may voluntarily dismiss particular Defendants from the action using the attached Notice of Dismissal form.

Plaintiff is advised that this Court's determination that the allegations in the TAC are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

IT IS SO ORDERED.

DATED: October 27, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

Attachments
Form Civil Rights Complaint (CV-66)
Form Notice of Dismissal