# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LEWIS MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE COUNTY SHERIFF DEPT. et al.,<br><br>Defendants. | Case No. 5:20-cv-01181-MCS (MAA)<br><br>**ORDER OF DISMISSAL** |

## I.     SUMMARY OF FACTS AND PROCEEDINGS

On June 10, 2020, Plaintiff Rickey Lewis McDonald ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) That same day, Plaintiff filed a Request to Proceed *In Forma Pauperis* (ECF No. 2), which the Court granted on June 11, 2020 (ECF No. 4).

On June 11, 2020, pursuant to the Congressionally-mandated screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, or in which a plaintiff proceeds *in forma pauperis*, the Court issued an Order dismissing the Complaint with leave to amend.

(ECF No. 5.)  On June 19, 2020, the Court received Plaintiff's First Amended Complaint (ECF No. 7), which the Court screened and dismissed with leave to amend on July 27, 2020 (ECF No. 9).  On August 10, 2020, the Court received Plaintiff's Second Amended Complaint (ECF No. 10), which the Court screened and dismissed with leave to amend on August 26, 2020 (ECF No. 11).  The Court received Plaintiff's Third Amended Complaint ("TAC") on October 14, 2020.  (ECF No. 13.)

On October 27, 2020, the Court issued a Memorandum Decision and Order Dismissing Third Amended Complaint with Leave to Amend ("Order").  (Order, ECF No. 14.)  The Court ordered Plaintiff to, within thirty days of the Order, either file a Fourth Amendment Complaint ("4AC"), or advise the Court that Plaintiff does not intend to pursue this lawsuit further and will not file a 4AC.  (*Id*. at 10.)  The Order "**explicitly cautions Plaintiff that failure to timely file a 4AC, or timely advise the Court that Plaintiff does not intend to file a 4AC, w[ould] result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b)**."  (*Id*. at 11.)

On January 5, 2021, in the absence of a filed 4AC, the Court issued an Order to Show Cause ("OSC"), ordering Plaintiff to show cause by February 4, 2021 why the Court should not recommend that the case be dismissed for want of prosecution.  (OSC, ECF No. 15.)  The OSC stated that if Plaintiff filed a 4AC or dismissed the case before that date, then the OSC would be discharged.  (*Id*.)  The OSC "**advised that failure to comply with this order w[ould] result in a recommendation that the lawsuit be dismissed for failure to prosecute and/or comply with court orders.  See Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1**."  (*Id*.)

Plaintiff has failed to file a 4AC to date, and the Court has not received any communication from Plaintiff since October 14, 2020.

///

## II. LEGAL STANDARD

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Finally, "in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Id*.

///

///

///

## III.   ANALYSIS

### A.   The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[1] strongly weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re: Phenylpropanolamine*, 460 F.3d at 1227. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Plaintiff has failed to file a 4AC—which is now over three months past due from its original November 30, 2020 deadline—and the Court has not received any communication from Plaintiff since October 14, 2020. The Court concludes that Plaintiff's inaction and lack of communication with the Court constitute willful unreasonable delay. *See Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Plaintiff's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured

---

[1] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

before its docket becomes unmanageable.") (quoting *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)). The first and second factors strongly favor dismissal.

### B. Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643. When considering prejudice, "the failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . . The law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d at 1452 (alteration in original) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.

Plaintiff continuously has refused to file a 4AC without explanation. In the absence of any communication from Plaintiff for almost five months, Plaintiff's delay was unreasonable and the third factor favors dismissal. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute.").

### C. Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) strongly supports dismissal. "The district court need not exhaust every sanction short of dismissal

before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to dismissal. The Court explicitly warned Plaintiff in two separate orders that failure to file a 4AC would result in a recommendation that the action be dismissed for failure to prosecute and/or failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b). (Order; OSC.) *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). The Court also extended Plaintiff's deadline to file a 4AC from November 30, 2020 to February 4, 2021 (OSC). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an additional thirty days for plaintiff to file an amended complaint was an attempt at a less drastic sanction). The fourth factor weighs in favor of dismissal.

### D. Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). The case has been stalled by Plaintiff's failure to file a 4AC or otherwise communicate with the Court since October 14, 2020. Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Plaintiff's noncompliance and inaction.

///

### E. Dismissal Without Prejudice

In summary, Plaintiff's failure to file a 4AC or otherwise participate in this lawsuit since October 14, 2020 constitutes willful unreasonable delay. Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

## IV. CONCLUSION

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice. No further filings shall be accepted under this case number.

DATED: March 8, 2021

　　　　　　　　　　　　　　　MARK C. SCARSI
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

7